# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK
# BUFFALO DIVISION

| | |
|---|---|
| A.M.H., INDIVIDUALLY AND IN HER CAPACITY AS LEGAL CUSTODIAN OF BABY C.E., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br> v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; and ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,<br><br>    Defendants. | Case No. 1:18-cv-01018<br><br>Action Filed: August 23, 2018<br>Action Served: August 27, 2018 |

**DEFENDANT ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Endo Pharmaceuticals Inc. hereby gives notice of removal of this action, captioned *A.M.H. et al. v. Purdue Pharma L.P. et al.*, bearing case number E165792/2018, from the Supreme Court for the State of New York, Niagara County, to the United States District Court for the Western District of New York. Pursuant to 28 U.S.C. § 1446(a), Endo Pharmaceuticals Inc. provides the following statement of the grounds for removal:

## BACKGROUND

1.  On August 23, 2018, this putative class action was filed in the Supreme Court for the State of New York, Niagara County, on behalf of Plaintiffs A.M.H. and C.E.  The Complaint (attached hereto, with process papers served upon Endo Pharmaceuticals Inc., as **Exhibit 1**) asserts claims against manufacturers of FDA-approved prescription opioid medications and distributors of opioid products, as follows:

    a.  "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.

    b.  "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; and AmerisourceBergen Corporation.

2. This action is one of more than a thousand opioid-related lawsuits filed across the country against Defendants (and others) alleging harms stemming from abuse of opioid medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio that would include this case and the many others like it, *i.e.*, cases in which plaintiffs allege that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached hereto as **Exhibit 2**). As the JPML found in centralizing these cases, "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts." *Id.* at 3. To date, more than a thousand actions have been transferred to the MDL, with more (including this action) surely to follow. *Id.*, Doc. 2405 (Sept. 4, 2018 CTO-53).

3. The Complaint here purports to assert claims on behalf of "[a]ll New York persons under the age of eighteen who were diagnosed with neonatal abstinence syndrome (NAS) and whose birth mother (1) used opioids during gestation and (2) had a medical prescription for opioids before or during the gestation period." (Compl. ¶ 157.) Additionally, the Complaint purports to assert claims on behalf of a "subclass" of "[a]ll New York persons under the age of eighteen who were diagnosed with neonatal abstinence syndrome (NAS) and whose birth mother (1) used opioids during gestation and (2) had a medical prescription for opioids before or during

the gestation period, who have suffered personal injury damages from opioid exposure in utero."
(*Id.*)

4.  The Complaint asserts six causes of action against all Defendants: (1) nuisance; (2) negligence and gross negligence; (3) civil conspiracy; (4) injunctive and equitable relief for medical monitoring and continuing treatment; (5) products liability; and (6) punitive damages. (*Id.* ¶¶ 172-252.)

5.  Endo Pharmaceuticals Inc. received the Complaint through service on August 27, 2018.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo Pharmaceuticals Inc. is attached hereto as **Exhibit 1**.  A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

6.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 112, 1391, 1441(a), and 1446(a) because the Supreme Court for the State of New York, Niagara County, where the Complaint was filed, is a state court within the Western District of New York.

7.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**I.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA**

8.  "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552

(2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)). Accordingly, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Egleston v. The Valspar Corp.*, No. 15CV4130 DLC, 2015 WL 6508329, at *3 (S.D.N.Y. Oct. 13, 2015) (citing *Dart Cherokee*, 135 S. Ct. at 554).

9. Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553; *Egleston*, 2015 WL 6508329, at *4 ("A notice of removal need only contain a short and plain statement of the grounds for removal." (quotation marks omitted)).

A. **The Parties Are Minimally Diverse**

10. This action satisfies CAFA's minimal diversity requirement. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where any member of the putative class is a citizen of a state different from any defendant. *Id.*

11. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Plaintiff A.M.H. is a citizen of New York. (Compl. ¶ 17.)

13. Plaintiff C.E. is a citizen of New York. (*Id.* ¶ 18.)

14. Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.* ¶ 34.)

15. Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

16. Because Plaintiffs are citizens of New York, and Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. are citizens of Delaware and Pennsylvania, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. Plaintiffs' Proposed Class Includes At Least 100 Members

17. Plaintiffs seek to represent a putative class consisting of "[a]ll New York persons under the age of eighteen who were diagnosed with neonatal abstinence syndrome (NAS) and whose birth mother (1) used opioids during gestation and (2) had a medical prescription for opioids before or during the gestation period," as well as a "subclass" consisting of "[a]ll New York persons under the age of eighteen who were diagnosed with neonatal abstinence syndrome (NAS) and whose birth mother (1) used opioids during gestation and (2) had a medical prescription for opioids before or during the gestation period, who have suffered personal injury damages from opioid exposure in utero." (Compl. ¶ 157.) Plaintiffs assert that the putative classes include "thousands, if not more" members and that the classes are "so numerous that joinder of all persons is impracticable." (*Id.* ¶ 206.) Accordingly, the proposed classes purportedly include at least 100 members.

### C. The Amount in Controversy Exceeds $5,000,000

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553; *see also Egleston*, 2015 WL 6508329, at *4 ("No proof [of the amount in

controversy] is required" to be submitted with the notice of removal). In determining whether the amount in controversy is satisfied, the Court may consider compensatory and punitive damages. *See, e.g., Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

19. Under CAFA, jurisdiction exists when the amount in controversy—calculated by aggregating the claims of all putative class members—exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

20. Plaintiffs bring this action on behalf of "thousands, if not more" putative class members. (Compl. ¶ 161.) Plaintiffs seek "equitable relief in the form of medical monitoring" and "funding for services and treatment" (*id.* ¶ 5), which includes "neo-natal medical care, therapeutic care, prescription drug purchases, and other treatments for NAS afflicted newborns, to be followed by counseling and rehabilitation services after birth" (*id.* ¶ 16). Plaintiffs allege that "past and continuing sustained damages" include "(1) costs for providing treatment to infants born with opioid-related medical conditions like NAS; (2) costs for testing, monitoring and treatment for diseases, latent and otherwise, associated with NAS; (3) costs for providing ongoing medical monitoring care . . . , therapeutic and prescription drug purchases. . . ; (4) costs for providing treatment, counseling and rehabilitation services; and (5) costs associated with providing care for children whose parents suffer from opioid-related disability or incapacitation, including costs for foster care services and costs incurred by individuals possessing sole legal custody over an infant born with NAS." (*Id.* ¶ 20.) Plaintiffs seek compensatory and punitive damages. (*Id.* Prayer for Relief ¶¶ (i)-(viii)). Accordingly, it is clear that the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. This Notice of Removal Is Timely

21. This Notice of Removal is timely filed. Endo Pharmaceuticals Inc. received the Complaint through service on August 23, 2018. Because Endo Pharmaceuticals Inc. filed the Notice of Removal on September 14, 2018, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B. Consent to Removal Is Not Required Under CAFA

22. CAFA eliminates the need for the removing party to obtain the consent of other defendants. 28 U.S.C. § 1453. Therefore, Endo Pharmaceuticals Inc. need not obtain the consent of other Defendants to remove this case.

23. By filing this Notice of Removal, Endo Pharmaceuticals Inc. does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Endo Pharmaceuticals Inc. requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo Pharmaceuticals Inc. hereby removes this action from the Supreme Court for the State of New York, Niagara County, to the United States District Court for the Western District of New York.

DATED: September 14, 2018

/s/ Alan E. Rothman
Alan E. Rothman
Angela R. Vicari*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Alan.Rothman@arnoldporter.com
Angela.Vicari@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendant
ENDO PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by FedEx overnight delivery service:

Donald Creadore
THE CREADORE LAW FIRM, P.C.
450 Seventh Avenue - Ste 1408
New York, NY 10123

*Counsel for Plaintiff*

Mark S. Cheffo
DECHERT LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036-6797

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries, Ltd., Cephalon, Inc., Watson Laboratories, Inc., and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Counsel for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Counsel for Defendant Insys Therapeutics, Inc.*

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Counsel for Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

| | |
|---|---|
| Kevin B. Collins*<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br><br>*Counsel for Defendant McKesson Corporation*<br><br>Enu Mainigi*<br>WILLIAMS & CONNOLLY LLP<br>725 12th Street, NW<br>Washington, DC 20005<br><br>*Counsel for Defendant Cardinal Health, Inc.* | Robert A. Nicholas<br>Shannon E. McClure<br>REED SMITH LLP<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br><br>Alvin L. Emch<br>JACKSON KELLY PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV 25322<br><br>*Counsel for Defendant AmerisourceBergen Corporation* |

Dated:  September 14, 2018

/s/  Alan E. Rothman
*Attorney for Defendant Endo Pharmaceuticals Inc.*

11